UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00172-GNS

TRACY D. HALSELL
a/k/a Terrell D. Jordan                                                                              PLAINTIFF

v.

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 5). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.   STATEMENT OF FACTS AND CLAIMS

Plaintiff Tracy D. Halsell a/k/a Terrell D. Jordan ("Halsell") filed this action in Jefferson Circuit Court against the U.S. Equal Employment Opportunity Commission ("EEOC") relating to the EEOC's investigation of a charge Halsell asserted against a former employer. (Complaint 1-2, DN 1-1). The EEOC subsequently removed the action to this Court. (Notice Removal, DN 1).

EEOC has moved to dismiss Halsell's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Def.'s Mem. Supp. Mot. Dismiss 3-4, DN 5-1). The EEOC contends that the Title VII claim is barred by sovereign immunity because Halsell seeks monetary damages, and that Halsell has no viable claim against the EEOC because it investigated his charge. (Def.'s Mem. Supp. Mot. Dismiss 5-12).

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a party may move for dismissal due to a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination" and "may be raised at any stage in the proceedings . . . ." *Am. Telecom Co., L.L.C. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007) (citation omitted); *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) (citation omitted). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true" and determine whether the "complaint[] states a plausible claim for relief . . . ." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 678, 679 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). Instead, the allegations must show "that the pleader is entitled to relief.'" *Id.* at 679 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

EEOC seeks dismissal of the Complaint on the basis, *inter alia*, that any claim asserted is barred by the doctrine of sovereign immunity. (Def.'s Mem. Supp. Mot. Dismiss 5-8). Under the doctrine of sovereign immunity, a federal court is precluded from exercising jurisdiction over a claim for money damages against the United States or its agencies absent an express waiver of that doctrine. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976).

In this case, Halsell has sued the EEOC requesting $9 million in damages. Because the EEOC is a federal administrative agency and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, does not contain an express waiver of sovereign immunity, Halsell's claim is barred by sovereign immunity.[1] *See Gary v. Pa. Human Relations*

---

[1] Under Title VII, the EEOC is the "federal administrative agency charged with the responsibility of investigating claims of employment discrimination and settling disputes, if possible, in an informal, noncoercive fashion." *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 368 (1977). "When the EEOC fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a de novo lawsuit against his employer in the district court." *Verbroom v. Dep't of Def.*, No. 93-3005, 1993 WL 302394, at *1 (6th Cir. Aug. 5, 1993) (citing *Occidental Life Ins. Co.*, 432 U.S. at 365-66; *McCottrell v. EEOC*, 726 F.2d 350, 352 (7th Cir. 1984)). The Sixth Circuit has also held that a "plaintiff simply does not have a cause of action under Title VII against the EEOC to challenge the processing of [his] discrimination complaint." *Milhous v. EEOC*, No. 97-5242, 1998 WL 152784, at 1 (6th Cir. Mar. 24, 1998) (citing *Scheerer v. Rose State Coll.*, 950 F.2d 661, 662-63 (10th Cir. 1991); *Ward v. EEOC*, 719 F.2d 311, 312-14 (9th Cir. 1983)).

*Comm'n*, 497 F. App'x 223, 228 (3d Cir. 2012); *see also Forbes v. Reno*, 893 F. Supp. 476, 481 (W.D. Pa. 1995) (dismissing the plaintiff's Title VII claims against the EEOC due to sovereign immunity). Accordingly, the Court will dismiss this action due to lack of subject matter jurisdiction.[2]

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 5) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 20, 2018

cc: counsel of record
     Tracy D. Halsell, *pro se*

---

[2] Because this Court lacks jurisdiction over Halsell's claim against the EEOC, it is unnecessary to address whether the Complaint states a claim against the EEOC. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) ("[W]e are bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946))).